UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Jill Longenecker, as guardian for )<br>Kavan Mangus, a minor child, )<br>      Plaintiffs )<br>)<br>vs. )<br>)<br>State of Alaska, Department of Health )<br>and Social Services, Karleen Jackson, in )<br>her official capacity as Commissioner of )<br>the Department, Division of Senior )<br>and Disabilities Services, and Rod )<br>Moline, in his official capacity as )<br>Director of the Division, )<br>      Defendants. ) | **COMPLAINT** |

## INTRODUCTION

Plaintiff Jill Longenecker, as guardian of Plaintiff Kavan Mangus, seeks relief against the State of Alaska, Department of Health and Social Services ("DHHS"). Specifically, Plaintiff Longenecker asks that the Court require the DHHS to provide her a fair hearing to contest certain erroneous decisions about Medicaid funded services for her minor, disabled son, Plaintiff Kavan Mangus. DHHS has denied Plaintiffs a fair hearing contrary to law.

## JURISDICTION

Jurisdiction is proper in this court consistent with 28 U.S.C. 1331, and 28 U.S.C. 1343, as the matter involves a federal question and a civil right, specifically 42 U.S.C. 1396(a), 42 C.F.R. 431.220(a)(2), 42 U.S.C. 1983, and due process rights.

## VENUE

Venue is proper within the District of Alaska consistent with L.R. 3.3(a), 28

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002 Fax 907-565-1000
1-800-478-1234

U.S.C. 81(A), 28 U.S.C. 1391, and L.R. 5.3 (ECF).

## PARTIES

1. Plaintiff Jill Longenecker is the legal guardian of the minor disabled child, Plaintiff Kavan Mangus. There is no dispute that Kavan Mangus is a Medicaid recipient and entitled to the services described in his plan of care. Plaintiffs reside in Wasilla, Alaska.

2. Defendant State of Alaska Department of Health and Human Services ("DHHS") is the state agency responsible for the management and oversight of the Medicaid program in the State of Alaska. DHHS is required to ensure that there is an opportunity for a fair hearing before the agency when a recipient's benefits are affected. 42 U.S.C. 1396(a)(3). The Division of Senior and Disability Services is administering the program. Commissioner Karleen Jackson and Director Rod Moline are sued in their official capacities only.

## FACTS

1. Plaintiff Kavan Mangus is a 10 year old child (DOB 08/03/1995) with autism who is a Medicaid recipient and who is lawfully entitled to receive all of the services necessary and within his plan of care, including critically necessary behavioral services.

2. Beginning in 2000, DHHS permitted various providers, including Hope Community Resources and Job Ready to arrange for and submit billing to and pay through Medicaid funding for the services of Dr. John McEachin to assist Plaintiff Kavan Mangus in his home. The behavioral services were described in Plaintiffs plan of care as "Intensive Active Treatment" ("IAT"). McEachin is a

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002   Fax 907-565-1000
1-800-478-1234

PhD Psychologist who is an internationally renowned expert in autism with specialty in Applied Behavioral Analysis ("ABA"). ABA is a program of behavioral therapy which has been scientifically validated to remeliorate the often devastating effects of autism in children. DHHS approved Medicaid funding for the IAT services of Dr. McEachin, specifically, ABA services provided to Plaintiff Kavan through February of 2005.

3. From approximately March 2005 forward and continuing, DHHS has adamantly refused to permit Medicaid funding for payment of the services of Dr. McEachin, unless the minor disabled child travels to California to access services.

4. Beginning in March of 2005 and continuing forward since then, Plaintiffs have requested a fair hearing pursuant to 42 C.F.R. 431.220(a)(2) to contest this erroneous action. Attachment A.

5. From March 2005 forward until December of 2005, DHHS refused to respond to inquiries about a fair hearing.

6. Finally, about nine months after the initial request for a fair hearing, on or about December 19, 2005, Defendant DHHS, by Deputy Director Rebecca Hilgendorf, denied Plaintiffs a fair hearing. DHHS relied upon 7 AAC 49.020, which does not contain the provision of a hearing when a recipient contests an erroneous action. Attachment B.

7. Deputy Director Rebecca Hilgendorf was a participant in the dispute and as such cannot act as the hearing authority. 07 AAC 49.150.

8. On December 28, 2005, DHHS confirmed, in writing, that the intervention

provided by Dr. McEachin is "clinically appropriate" but asserting that DHHS lacked the ability to approve Dr. McEachin to practice within the State of Alaska simply due to the licensure issue. DHHS has approved Medicaid funding for payment of Dr. McEachin's services but only if Plaintiffs travel to California to take advantage of those services. Attachment C.

9. Dr. McEachin provides consultation to Plaintiff Kavan Mangus' school staff within the MatSu Borough School District. On January 11, 2006, a hearing officer in an unrelated special education hearing matter approved Dr. McEachin's provision of ABA services to a student with autism in Fairbanks, notwithstanding his lack of licensure in Alaska. Attachment D.

10. Plaintiff Jill Longenecker is unaware of any other qualified provider within the State of Alaska that could provide ABA services to Kavan Mangus. Upon information and belief, the American Psychological Association, Applied Behavioral Analysis Section, has established a credentialing process for individuals to ensure qualified providers of ABA, Credentialed individuals carry the designation of Board Certified Behavior Analyst ("BCBA"). Upon information and belief, about 5,000 individuals have this certification nationwide. Alaska, unfortunately, has none.

### COUNT I - VIOLATION OF 42 CFR 431.220(a)(2)

11. The preceding allegations of fact are incorporated by reference as if fully set forth herein.

12. DHHS' refusal to provide Plaintiffs a timely and full and fair hearing is directly contrary to 42 U.S.C. 1396(a) and in particular, the specific and unambiguous

language of 42 C.F.R. 431.220(a)(2).

## COUNT II - DEPRIVATION OF DUE PROCESS

13. The preceding allegations of fact are incorporated by reference as if fully set forth herein.

14. Plaintiffs have a property interest in the ability to use allocated Medicaid benefits, specifically, the IAT/ABA services indicated in the plan of care.

15. The State's failure to comply with 42 C.F.R. 431.220(a)(2) deprives Plaintiffs of a significant part of their property interest as they cannot access approved IAT/ABA services for lack of a qualified provider.

16. Plaintiffs have been afforded no fair process by which Plaintiffs can contest the deprivation of the property interest.

17. The decision to deny Plaintiffs a hearing was made without their knowledge, presence or input.

18. Defendant DHHS has acknowledged that 42 C.F.R. 431.220 applies to this case but in direct and deliberate contravention of that regulation has denied Plaintiffs a fair hearing.

## COUNT III – VIOLATION OF 42 USC 1983

19. The preceding allegations of fact are incorporated by reference as if fully set forth herein.

20. Plaintiffs have a federal right to a fair hearing pursuant to federal law, and specifically, 42 C.F.R. 431.220(a)(2), and Defendants, acting under color of Alaska's Medicaid statutes and regulations have deprived Plaintiffs of that

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK 99503
907-565-1002    Fax 907-565-1000
1-800-478-1234

right.

21. Plaintiffs have suffered lost services and have suffered money damages in an estimated amount in excess of $15,000.

## RELIEF

**WHEREFORE**, Plaintiffs request:

1. This Court declare the action of the State denying a fair hearing in this circumstance illegal and order Defendant to provide Plaintiffs a fair hearing within a reasonable and timely fashion.

2. This Court order that Plaintiffs may use Dr. McEachin as a provider until completion of said fair hearing and as and consistent with the plan of care and without cost to or travel of the Plaintiffs.

3. This Court order reimbursement to Plaintiffs for costs they have expended to continue to utilize Dr. McEachin during the time of this dispute.

4. This Court award Plaintiffs attorneys fees and any costs associated with the bringing of this action.

5. This Court grant all other relief which may be just and proper under the circumstances.

Dated this 19th day of January, 2006.

Disability Law Center of Alaska

Sonja D. Kerr, #0405091
Supervising Attorney

Certificate of Service

I hereby certify that on the 19th day of January 2006, a true and correct copy of this document was served by fax and U.S. Mail Pre-paid on:

Stacie Kraly
Attorney General's Office
Box 110300
Juneau, Alaska 99811
907-465-2539

_____
Patti Freeman

DISABILITY LAW CENTER OF ALASKA
3330 Arctic Blvd., Suite 103
Anchorage, AK  99503
907-565-1002
Fax 907-565-1000
1-800-478-1234