**From:** jill.longenecker@faa.gov [mailto:jill.longenecker@faa.gov]
**Sent:** Monday, March 28, 2005 3:32 PM
**To:** Hilgendorf, Rebecca
**Cc:** Longenecker, Jill; lindagiani@gci.net; Sidmore, Pat; rod_moline@health.state.ak.us; Hanson, Rebecca; dortega@jobready-ak.com; amaes@jobready-ak.com
**Subject:** <u>fair hearing requested</u>

Hi Rebecca,

Thank you for the notice that you will not be able to answer my questions immediately. You are normally very quick to reply and I understand the delay in this case.

I would prefer to work with you to resolve these issues outside of the formal fair hearing process. However, I am concerned that I will miss the deadline to request fair hearing. Although I did not receive a notice of proposed agency action (7 AAC 49.060), Linda Giani received a cost sheet with the word "denial" on March 7th. Regardless of the reason, DSDS is saying they will not pay for Dr. McEachin's services so Kavan's IAT benefit is being suspended or terminated during this plan year. The protections provided under 7 AAC 49 including continuation of assistance (7 AAC 49.190) apply to this situation.

Therefore, please consider this e-mail a formal request for fair hearing. I am requesting fair hearing now so I do not miss the deadline and to ensure that Kavan will continue to receive his IAT services during this dispute. Please let me know if I need to do anything further. I am anxious to work with you to resolve this problem.

       Jill Longenecker
       Mother of Kavan Mangus
       cell 775-2244

     "Hilgendorf, Rebecca"
     <Rebecca_Hilgendorf@health.state.ak.us>

     03/23/2005 09:37 AM

| | |
|---|---|
| To | Jill Longenecker/AAL/FAA@FAA, "Hilgendorf, Rebecca" <Rebecca_Hilgendorf@health.state.ak.us> |
| cc | "Longenecker, Jill" <jgmangus@mtaonline.net>, lindagiani@gci.net, "Sidmore, Pat" <patrick_sidmore@health.state.ak.us> |

Subject RE: KM

EXHIBIT _A_
Page _1_ of _7_



-----Original Message-----
**From:** jill.longenecker@faa.gov [mailto:jill.longenecker@faa.gov]
**Sent:** Tuesday, March 29, 2005 12:30 PM
**To:** Sidmore, Pat
**Cc:** amaes@jobready-ak.com; dortega@jobready-ak.com; Longenecker, Jill; lindagiani@gci.net; Sidmore, Pat; Hanson, Rebecca; Hilgendorf, Rebecca; Moline, Rod
**Subject:** RE: fair hearing requested

M. Sidmore,

Please clarify.  There are 3 units of IAT in the POC.  The first unit occurred in February and I have been told it will be covered.  The other two units are scheduled in April (next week) and for mid-summer.  Will additional units be covered?  Is your e-mail the official position of DSDS?  Can I have proper notice with all these details?



Finally, have I contacted the right person to request fair hearing?  Who will contact me about fair hearing  details including obtaining legal assistance?  Thank you for your help.

Regards,

Jill Longenecker
cell 775-2244

"Sidmore, Pat" <patrick_sidmore@health.state.ak.us>

03/29/2005 10:39 AM

To   Jill Longenecker/AAL/FAA@FAA, "Hilgendorf, Rebecca" <Rebecca_Hilgendorf@health.state.ak.us>

cc   "Longenecker, Jill" <jgmangus@mtaonline.net>, lindagiani@gci.net, "Sic Pat" <patrick_sidmore@health.state.ak.us>, "Moline, Rod" <Rod_Moline@health.state.ak.us>, "Hanson, Rebecca" <rebecca_hanson@health.state.ak.us>, dortega@jobready-ak.com, amaes@jobready-ak.com

Subject   RE: fair hearing requested

EXHIBIT _A_
Page _2_ of _7_

The IAT has been approved for this session as we discussed with Linda when the matter first came to our attention.  This was done to give Dr. McEachin time to become certified or to find another certified provider.

## Hilgendorf, Rebecca

| | |
|---|---|
| **From:** | Hilgendorf, Rebecca |
| **Sent:** | Wednesday, March 30, 2005 9:57 AM |
| **To:** | 'rmiller@jobready-ak.com' |
| **Cc:** | Sidmore, Pat; Sandra Heffern (E-mail) (E-mail); David F. Maltman (E-mail) |
| **Subject:** | FW: fair hearing requested |

Hi Rick,

I am forwarding the string of e-mails re: Kavan Mangus's waiver renewal and the request for IAT which should shed a little more light on our earlier conversation. It's my understanding that Sandra, Gene, and David are out of the office until next week. To recap, the IAT service has been approved. Please know that the IAT provider needs to be licensed, certified, and enrolled to provide IAT in Alaska according to regulations.

Please call if you have any questions. Rebecca

Rebecca J. Hilgendorf, DD Program Manager
(ph) 269-2083; 1-800-478-9996; (fax) 269-3689
CONFIDENTIALITY NOTICE: This electronic mail message may contain confidential and/or privileged information. This message, including any attachments, is intended solely for the use of the individual or entity named above. If the reader of this e-mail message is not the intended recipient, you are hereby notified that any review, disclosure, copying or distribution of this communication is expressly prohibited. If you are not the intended recipient, please immediately notify the sender by reply e-mail and delete any the original message.

-----Original Message-----
**From:** Sidmore, Pat
**Sent:** Wednesday, March 30, 2005 7:53 AM
**To:** 'jill.longenecker@faa.gov'; Sidmore, Pat
**Cc:** amaes@jobready-ak.com; dortega@jobready-ak.com; Longenecker, Jill; lindagiani@gci.net; Sidmore, Pat; Hanson, Rebecca; Hilgendorf, Rebecca; Moline, Rod
**Subject:** RE: fair hearing requested

I have an official decision that all IAT units in the Plan of Care will be sent to first health to be prior authorized today. It is the decision of the Division that the agency(Job Ready) and the Care Coordinator have been reminded that the regulations related to this matter are their responsibility to follow. It is the responsibility of the agency to make sure that the provider of services meet the qualifications under the regulations.

-----Original Message-----
**From:** jill.longenecker@faa.gov [mailto:jill.longenecker@faa.gov]
**Sent:** Tuesday, March 29, 2005 12:30 PM
**To:** Sidmore, Pat
**Cc:** amaes@jobready-ak.com; dortega@jobready-ak.com; Longenecker, Jill; lindagiani@gci.net; Sidmore, Pat; Hanson, Rebecca; Hilgendorf, Rebecca; Moline, Rod
**Subject:** RE: fair hearing requested

EXHIBIT _A_
Page _3_ of _7_

M. Sidmore,

Please clarify. There are 3 units of IAT in the POC. The first unit occurred in February and I have been told it will be covered. The other two units are scheduled in April (next week) and for mid-summer. Will additional units be covered? Is your e-mail the official position of DSDS? Can I have proper notice with all these details?



**DISABILITY LAW CENTER**
O · F · A · L · A · S · K · A

**ANCHORAGE**

3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

October 28, 2005

Rebecca Hilgendorf, Program Manager
State of Alaska
Department of Health and Social Services
Division of Senior and Disabilities Services
3601 C Street, Suite 310
Anchorage, AK 99503

Dear Ms. Hilgendorf:

I am writing on behalf of Ms. Jill Longenecker and her son Kavan Mangus. Kavan is a recipient of a Home and Community Based Care waiver. For several years under this waiver, Kavan received treatment by an out-of-state provider, an expert in Applied Behavior Analysis, especially Intensive Active Treatment (IAT). There is no question that this type of treatment is very important to Kavan's care, nor is there question that this is the type of service that is covered under the MRDD waiver program.

However, a change in regulations now requires that service providers must be licensed in Alaska to be covered under the waiver program. This change creates a problem for Kavan, and for other autistic children in the state seeking IAT, as there are no licensed Alaskan providers that specialize in this particular form of treatment. This results in a denial of services to Kavan. The actions taken by the state in Kavan's case deny Kavan the ability to receive the needed services using waiver funding without the due process he is entitled to.

The initial issue is the state's failure to provide Kavan's family with notice of the regulation change requiring providers to be licensed in Alaska. This type of notice is required under 7 A.A.C. 49.050, which mandates when a change in federal or state laws requires benefit adjustments that adversely affect a recipient, notice must be given that includes the specific changes in the law and a statement of the recipients right to a hearing. No such notice was given to Kavan's family. The family was informed of a change in regulations through by their care coordinator, but they were not informed that these changes would impact Kavan's services. They only became fully aware of the impact of the changes when Kavan's IAT services were denied.

This regulation change had a serious and adverse effect on Kavan's services and so was the type of change that requires notice be given. If the proper notice were given by the state, Ms. Longenecker would have then had the option to request a hearing for her son to contest the changes to the regulation.

Additionally, notice would have given Kavan's family the opportunity to seek the Alaska licensure of the out-of-state provider, thereby making Kavan's

MEMBER · OF · THE
NATIONAL
ASSOCIATION · OF
PROTECTION · &
ADVOCACY
SYSTEMS



EXHIBIT __A__
Page __4__ of __7__

treatment covered by his waiver. At this time, the Doctor providing the treatment to Kavan is in the process of applying for an Alaskan license, but this process is lengthy, and delayed by the family's lack of notice. Kavan is in need of treatment immediately and this delay means his family will have to bear the costs of his treatment without assistance.

A second procedural issue arose when the state denied the IAT services listed on the cost sheet submitted 11/01/2004. The denial was made in such a way that bypassed the usual procedures, which carries with it the right to a hearing to contest the determination. The state has claimed that it was a denial of a provider, not a denial of services and so a denial letter was not required. Regardless, there was a denial that amounted to a denial of a covered Medicaid service. Because there are no licensed Alaskan providers, a denial of a provider acts as a de facto denial of services. 7 A.A.C. 49.020 requires that when a request for a covered Medicaid service is denied, an opportunity for a hearing must be granted.

We request, on behalf of Kavan Mangus, a hearing on the issues of the regulation change, and the denial of IAT services. Additionally, we request that Kavan be granted a Continuation of Assistance under 7 A.A.C. 49.120 for the treatments Kavan has undergone since the regulation change, and those treatments he will undergo until the hearing commences.

Sincerely,
THE DISABILITY LAW CENTER


Holly Johanknecht
Staff Attorney

EXHIBIT _A_
Page _5_ of _7_

**DISABILITY LAW CENTER OF ALASKA**

**ANCHORAGE**

3330 Arctic Boulevard
Suite 103
Anchorage, AK 99503
(907) 565-1002
FAX (907) 565-1000
1-800-478-1234

December 9, 2005                                    Via Fax & Mail

Rebecca Hilgendorf, Program Manager
State of Alaska
Department of Health and Social Services
Division of Senior and Disability Services
3601 C Street, Suite 310
Anchorage, AK 99503

Dear Ms. Hilgendorf:

This is the third request (second formal request) for a fair hearing made on behalf of Kavan Mangus, a recipient of a Home and Community Based waiver. Kaven's mother, Jill Longenecker, first requested a fair hearing on March 28, 2005 by email to you. Our first request was made in a letter dated October 10, 2005. Unfortunately, we have yet to receive any response to that letter, so we are making our request yet again.

As stated in our previous letter, Kavan is entitled to a fair hearing for two actions taken by the state. We are certain you would agree that it is fundamental that a person is entitled to a fair hearing when faced with adverse action by a governmental entity.

The first action taken by the state that should have given rise to an opportunity for a hearing was the denial of IAT services listed on Kavan's cost sheet (submitted to the state 11/01/2004). 7 A.A.C. 49.020 requires that when there is a denial of covered Medicaid services an opportunity for a hearing must be granted. Apparently DSDS contends that this is not a denial because it is an issue of provider licensure. Whether or not the refusal to pay is a denial or not, is an issue of fact to be determined at a fair hearing. This is particularly true since DSDS approved Kavan's IAT treatment and paid the out-of-state doctor (Dr. McCeachin) for those treatments as recently as January 2005. This payment raises many questions that can best be addressed at a fair hearing.

The second action taken by the state that should have given rise to an opportunity for a fair hearing was an apparent change in regulations regarding out-of-state providers. 7 A.A.C. 49.050 requires that notice be given to recipients when a regulation change creates an adverse benefit adjustment. Kavan's family is receiving mixed messages as to whether a regulation change actually occurred. In an email which you forwarded to the family on March 22, 2005, it was suggested that the problem related to "new regulations" notwithstanding that IAT services by Dr. McCeachin had been approved as recently as January 2005. However, in a September 8, 2005 letter to Senator Ted Stevens, former DHSS Commissioner Joel Gilbertson denied that there was a regulation change impacting this situation. Whether there was

MEMBER·OF·THE
NATIONAL
ASSOCIATION·OF
PROTECTION·&
ADVOCACY
SYSTEMS



EXHIBIT ___A___
Page ___6___ of ___7___
1

a regulation change, and what impact such a change might have on Kavan's services is again a factual issue that should be addressed at a fair hearing.

Another concern in this situation is the State's obligation under the Early and Periodic Screening, Diagnostic and Treatment (EPSDT) service. This program requires that the state provide any medically necessary health care service listed, even if the service is not otherwise available under the State's Medicaid plan. There is apparently no qualified provider of IAT services in Alaska, and requests from Kavan's family for the state to provide a list of any otherwise qualified provider have mostly gone unanswered. The lack of established providers in state, and the refusal of the state to cover an out-of-state provider seems to be a violation of the states obligations under EPSDT. This is yet another issue that would be appropriate for determination at hearing.

We would very much appreciate a written response to this third (second formal) request for a fair hearing. If we do not receive either an approval for a hearing or a denial letter within 5 business days of today's date  we will be forced to take all necessary legal action steps to ensure Kavan receives the due process to which he is entitled. Hopefully, that will not be necessary and the parties will be able to dispute their claims at a fair hearing. Should you have any questions, please do not hesitate to contact us. As Ms. Johanknecht is out on leave, feel free to call me, Sonja Kerr, at 565-1002.

Thank you for your kind attention to this most important matter.


Very truly yours,

Holly Johanknecht
Staff Attorney

Sonja D. Kerr
Supervising Attorney
C:     Jill Longenecker
Enclosure 1: Gilbertson letter