# STATE OF ALASKA

**DEPARTMENT OF HEALTH AND SOCIAL SERVICES**

**DIVISION OF SENIOR AND DISABILITIES SERVICES**
**OFFICE OF THE DIRECTOR**

*FRANK H. MURKOWSKI*
*GOVERNOR*

3601 C Street, Suite 310
Anchorage, AK 99503
Phone: (907) 269-3666
Fax: (907) 269-3689

December 16, 2005

RECEIVED
DEC 19 2005

Holly Johanknecht, Staff Attorney
Disability Law Center
3330 Arctic Boulevard, Suite 103
Anchorage, AK 99503

Re: Kavan Mangus

Dear Ms. Johanknecht:

    I have received your letter dated October 28, 2005, and December 9, 2005, related to your request for a fair hearing for Kavan Mangus. Under 7 AAC 49.020 and 42 CFR 431.220, a fair hearing must be offered when the Division denies, reduces or terminates a service. Through this entire process, we have consistently stated that the Intensive Active Treatment (IAT) Services that are at issue are <u>approved</u>. Therefore, there is no right to a fair hearing.

    The issue that remains relates to who will provide this service. As we have stated previously, these services must be provided by a licensed provider who is enrolled in the Alaska Medicaid program. As we understand it, Dr. McEachin is neither. If there are issues related to his licensure, those issues cannot be resolved by the Division of Senior and Disability Services; they must be addressed through the Division of Occupational Licensing. If there are issues about becoming enrolled in the Alaska Medicaid program, Dr. McEachin should contact the Division of Health Care Services.

    Despite assertions to the contrary, the law has always been the same – the amendments in 2004 to the waiver regulations only clarified existing law. An IAT provider must be licensed under AS 08 and enrolled in the Alaska Medicaid program. See, 7 AAC 1048 and 7 AAC 43 1090. Although the family is entitled to choice under the Medicaid program, that choice can be limited to enrolled providers who are properly licensed.

    Therefore, the Division is denying your request for a fair hearing on the basis that there was no denial, reduction or termination of services.

EXHIBIT B
Page 1 of 2



This constitutes a final agency determination and if you disagree with this decision you may appeal this matter to the superior court within 30 days of the date of this letter pursuant to Appellate Rule 601.

Sincerely,

Rebecca J. Hilgendorf
Deputy Director

Cc:   Ms. Jill Longenecker
      Stacie Kraly, Chief Assistant Attorney General