Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
(907) 565-1002
Attorney for Plaintiff
Alaska Bar No. 0511103

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| Jill Longenecker, as guardian for Kavan Mangus, a minor child,<br>        Plaintiff,<br><br>vs.<br><br>State of Alaska, Department of Health and Social Services, Karleen Jackson, in her official capacity as Commissioner of the Department, Division of Senior and Disabilities Service and Rod Moline, in his official capacity as Director of the Division,<br>        Defendant | Case No. 3:06-CV-22 (TMB)<br><br><br><br><br><br><br><br><br>**Memorandum in Support of Plaintiff's Motion for Leave to Amend Complaint** |

### INTRODUCTION

Plaintiffs' seek to amend their complaint due to a clarification of the law that occurred after the original complaint was filed. For the reasons stated below, the amendment is proper and should be granted pursuant to FRCP 15.

### FACTS

Plaintiff, by and through her attorney, Disability Law Center of Alaska, moves the Court for leave to amend her Complaint pursuant to F.R.Civ.P. 15 the Complaint filed in this matter to include in Count I of the complaint, a claim under 42 U.S.C. § 1396a(a)(23), the Medicaid freedom-of-choice provision. The First Amended Complaint is attached as Exhibit A.

Plaintiff's Amended Complaint states an additional claim under 42 U.S.C. § 1983. After the original Complaint was filed, the 6th Circuit issued a ruling making clear that Plaintiff has a cause of action under 42 U.S.C. § 1983. Harris v. Olszewski, 442 F.3d 456, C.A. 6 (Mich.) 2006, holds that 42 U.S.C. § 1396a(a)(23), the Medicaid freedom-of-choice provision, created an individually enforceable right under 42 U.S.C. 1983. The freedom of choice provision is relevant to Plaintiff's case as the Plaintiff seeks to have access to a provider who Plaintiffs contend is qualified but who the State of Alaska refuses to allow due to licensure and other issues.

This motion is timely as it is filed within the time frame provided by D.Ak. LR 16.1(c)(6). In addition, the amendment is based on the same operative facts and will require no additional witnesses or experts. Therefore the Defendants are not prejudiced by the Court granting Plaintiffs' Motion for Leave to Amend the Complaint.

In Foman v. Davis, 371 U.S. 178 (1962), the court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded." *Id*. at 230. This policy is "to be applied with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001)(quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

## CONCLUSION

The Court should, in the interest of justice and as envisioned by FRCP Rule 15, grant Plaintiffs' motion for leave to file this amended complaint.

Dated in Anchorage, Alaska, this 15th day of May, 2006.

      /s Holly J. Johanknecht
Holly J. Johanknecht
Disability Law Center of Alaska
3330 Arctic Boulevard, Suite 103
Anchorage, Alaska 99503
Telephone: 907-565-1002
Fax: 907-565-1000
Email: hollyj#@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 22nd day of May, 2006, a copy of this document was served electronically and by fax on:

Stacie Kraly
Office of the Attorney General
P.O Box 110300
Juneau, AK 99811

   /s Holly J. Johanknecht
Holly J. Johanknecht