Holly Johanknecht
Disability Law Center of Alaska
3330 Arctic Blvd., Suite 103
Anchorage, Alaska 99503
Tel: (907) 565-1002
Fax: (907) 565-1000
hollyj@dlcak.org
Alaska Bar No. 0511103
Attorney for Plaintiff

| | |
|---|---|
| Jill Longenecker, as guardian for Kavan Mangus, a minor child,<br>　　　　　Plaintiff,<br><br>vs.<br><br>State of Alaska, Department of Health and Social Services, Karleen Jackson, in her official capacity as Commissioner of the Department, Division of Senior and Disabilities Service and Rod Moline, in his official capacity as Director of the Division,<br>　　　　　Defendant | Case No. 3:06-CV-22 (TMB)<br><br><br><br><br><br>**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

COMES NOW the Plaintiff, by and through their attorneys, and opposes Defendant State of Alaska, Department of Health and Social Services' motion to dismiss and states as follows:

## INTRODUCTION

This litigation is primarily a matter of Plaintiff's right to an administrative hearing. Amended Complaint, (hereinafter, "Am. Compl.") Relief, Par. 1. None of the cases cited by the Defendants in their Motion to Dismiss or Memorandum in Support of Motion to Dismiss are similar in that respect. This situation is completely distinguishable from the facts in the cases cited by the Defendants.

## FACTS

Almost eleven-year-old Kavan Mangus suffers from autism. Am. Compl. Par. 1. He is currently eligible for a variety of services funded through a state-administered MRDD Medicaid

waiver, including critically necessary behavioral services. Am. Compl. Par. 1. Kavan's mother, Ms. Longenecker, believes some of those services have been terminated, suspended or reduced. On that basis, she requested a fair hearing from Defendants. Am. Compl. Par. 6. Defendants have denied Ms. Longenecker a fair hearing. Answer Par. 6. This leaves Kaven with no services and no administrative remedy to challenge the loss of such services. Plaintiffs urge this Court to order Defendants to provide Ms. Longenecker a fair hearing pursuant to 42 C.F.R. 431.220(a)(2). Am. Complaint, Relief, Par. 1. The background is as follows.

Beginning in 2000, Kavan received Intensive Active Treatment (IAT) services, provided by Dr. John McEachin. IAT services are specialized behavioral services designed to help ameliorate the devastating behavioral problems for children with autism. Am. Compl. Par. 2. Kavan's IAT services had been funded by his MRDD waiver. In March 2005, Ms. Longenecker discovered that Kavan's IAT services were being "denied" by the state. She was made aware of this denial when Kavan's care plan was returned to his care coordinator with the cost of the service circled and the word "denied" hand written next to it. Am. Compl. Par. 3, Attachment A. On March 23, 2005, Ms. Longenecker wrote:

"I am concerned that I will miss the deadline to request fair hearing. Although I did not receive a notice of proposed agency action (7 AAC 49.060), Linda Giani received a cost sheet with the word "denial" on March 7th. Regardless of the reason, DSDS is saying they will not pay for Dr. McEachin's services so Kavan's IAT benefit is being suspended or terminated during this plan year. The protections provided under 7 AAC 49[1] including continuation of assistance (7 AAC 49.190) apply to this situation. Therefore, please consider this e-mail a formal request for fair hearing. I am requesting fair hearing now so I do not miss the deadline and to ensure that Kavan will continue to receive his IAT services during this dispute. Please let me know if I need to do anything further. I am anxious to work with you to resolve this problem.
Am. Compl. Par. 3, See, *Attachment A*.

In addition to this correspondence, Ms. Longenecker communicated with various state employees in the Department of Health and Social Services (DHSS) and the Division of Senior

---

[1] 7 AAC 49 is the Alaska regulation required by the Medicaid statute and regulations and sets forth the process for a fair hearing and continuation of assistance during that process.

and Disability Services (DSDS) in an attempt to determine why the service was no longer being funded. Ms. Longenecker also requested that the State inform her of what provider, if any, would be able to provide the IAT services, however, she was never made aware of any such provider. Am. Compl. Par. 10.

In addition to these communications Ms. Longenecker made several requests for a fair hearing. Am. Compl. Par. 4. Those requests went unanswered. Am. Compl. Par. 5.

On October 10, 2005 and December 9, 2005, Ms. Longenecker, with assistance from DLC, made two additional formal requests for a fair hearing. Am. Compl. Par. 6. DHSS denied those requests for a fair hearing. Answer, Par. 6. This litigation followed.

## STANDARD OF REVIEW

The Defendants' move to dismiss claims against them for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6). Dismissal of a claim under Rule 12(b)(6) is proper only if, "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 439, 2 L. Ed. 2d 80 (1957).[2] In determining the sufficiency of a complaint against a Rule 12(b)(6) challenge the court must "accept as true all well pleaded facts in the complaint and construe them in the light most favorable to the nonmoving party" *ASW v. Oregon,* 424 F.3d 970, 974 (9th Cir. 2005).[3]

## ARGUMENT

I. **Plaintiff is entitled to a fair hearing on a Dispute About the Termination, Suspension or Reduction of Services.**

---

[2] See also *Marder v. Lopez*, 450 F. 3d 445, 448 (9th Cir. 2006) citing *Libas Limited v. Carillo*, 329 F. 3d 1128, 1130 (9th Cir. 2003)).
[3] *See also North Star International v. Arizona Corperation Commission*, 720 F.2d 578, 580 (9th Cir. 1983).

Plaintiffs want a fair hearing to contest the termination, suspension or reduction of the behavioral services Kaven needs. Defendants give no reason to the Court as to why Plaintiffs are not legally entitled to the fair hearing or how they would be prejudiced by the Court's remand to a fair hearing. Notably, Defendants acknowledge the appropriate law and regulations regarding when a hearing must be provided. Def. Memo, at pg. 9. Medicaid regulation, at 42 C.F.R. 431.220(a)(2) states that "[t] he state agency *must* grant an opportunity for a hearing to the following: … (2) any recipient who requests it because he or *she believes* that the agency has taken an action erroneously."[4] (Emphasis added.) Thus, the only showing Ms. Longenecker must make to get a hearing is that she believes the DHHS has taken an action erroneously. She does not have to be right on that point to get a fair hearing on the issue.

Notably, 42 C.F.R. 42.201 defines an action as the "termination, suspension or reduction of Medicaid eligibility or covered services." The defendants assert that these regulations only require a fair hearing when there has been a suspension, reduction or termination of a covered Medicaid service. However, this analysis fails to take into consideration the entire text of 42 C.F.R. 431.220(a)(2) which states that a hearing must be provided to "any recipient who requests it because her or she *believes that the agency has taken an action erroneously."* (*Emphasis added*). A hearing is required when a recipient "believes" that the agency as acted erroneously, not when the agency has actually acted erroneously. This is an important distinction that the defendants fail to address.

Clearly, whether Mr. Longenecker is right or the State is right on the issue of Dr. McEachin's qualifications, Ms. Longenecker is entitled to a fair hearing because she believed the state reduced her son's covered services by refusing to continue to fund Kavan's IAT services.

---

[4] The omitted section of the statute, "(1) Any applicant who requests it because his claims for services is denied or is not acted upon with reasonable promptness" is not directly applicable here.

Kavan's MHDD Medicaid waiver (administered by the Alaska DHSS) paid for Dr. McEachin's IAT services from 2000 until 2005. In March of 2005 DHSS refused to permit Medicaid funding for payment of the IAT services provided by Dr. McEachin. The only notice of this determination was the return of Kavan's pending care plan, with the cost of the IAT services circled and the word "denied" hand-written next to it. DHSS did not supply any alternative providers who were "qualified" to provide IAT services to Kavan. In addition, when Ms. Longenecker requested a fair hearing on the matter, she was denied on several occasions.

Regardless of Dr. McEachin's qualifications or eligibility, DHSS was and is required to afford Ms. Longenecker a fair hearing on the matter because she "believed" that DHSS's actions were terminating, suspending or at least reducing Dr. McEachin's IAT services given DHSS's prior payment for Dr. McEachin's services from 2000 to 2005. This makes sense because the purpose of an administrative process is to give Ms. Longenecker her "day in court" and a process to challenge what she "believes" is a termination, suspension or reduction of the IAT services.

Ms. Longenecker is entitled to a fair hearing because she believed the state reduced her son's covered services by refusing to continue to fund Kavan's IAT services. Ms. Longenecker based this belief on Kavan's care plan where the state had circled the cost of IAT services and written, "denied" next to it. Am. Compl. Par. 3, Attachment A. Because of this belief, Ms. Longenecker properly requested a fair hearing to address the issue.

Ms. Longenecker requested a fair hearing on many occasions after the Defendant's denied her ability to access the services of Dr. McEachin for her son. She was never provided with any administrative remedy or due process to contest this determination. In addition, Ms. Longenecker was not provided with any alternative equivalent providers, so that her son could continue to receive IAT treatment as approved on his care plan. The Court need not determine at this

juncture that Kavan was effectively denied the IAT services, but the Court must determine he was denied any sort of administrative remedy to contest Ms. Longenecker's belief that services were and are being terminated, suspended or reduced. The failures alleged by Ms. Longenecker are sufficient to form a good faith belief by Ms. Longenecker that DHSS has denied or terminated a service and so are precisely the type of issues that should be addressed at an administrative hearing.

DHSS's defense is that Dr. McEachin is not an eligible Medicaid provider. However, DHSS misses the point of this litigation. Dr. McEachin's Medicaid eligibility is simply not an issue for this Court to consider when determining Ms. Longenecker's right to a fair hearing. Instead, the only consideration is Ms. Longenecker's consistent belief that the state has acted erroneously in denying her son access to IAT services. It is clear that such a belief exists and so a hearing pursuant to 42 C.F.R. 431.220(a)(2) must be granted. The issue of Dr. McEachin's eligibility is best initially addressed at the hearing.

Defendants cite two cases that stand for the proposition that the freedom of choice provision does not allow an individual to choose an unqualified provider.[5] These cases are distinguishable because the plaintiffs in those cases are asking the district court to make a decision regarding Medicaid issues. In this case, Plaintiff is asking the court to order the State to have an administrative hearing to determine the issues.

The Defendants' Motion to Dismiss fails to address entirely the question of whether Ms. Longenecker has a private right of action under 42 C.F.R. 431.220(a)(2). *Blessing v. Freestone*, 329 U.S. 329, 340-341, 117 S. Ct. 1353, 137 L. Ed. 2d 569 (1997). Consistent with *Blessing*, Ms. Longenecker need only show that: (1) Congress intended that the provision benefit the plaintiff;

---

[5] *O'Bannon v. Town Court Nursing Center*, 447 U.S. 773, 100 S. Ct 2647, 65 L. Ed. 566 (1980) and *Kelly Kare v. O'Rourke*, 930 F.2d 170 (2nd Cir. 1991).

(2) that the right is not so vague or amorphous that its enforcement would stain judicial competence; and (3) that the provision imposes an unambiguous binding obligation on the state. *Id.* Once a plaintiff has demonstrated that the statute at issue meets these there factors, a private right of action exists, absent a showing that Congress specifically foreclosed such a remedy.

Here, Plaintiffs, deprived of a fair hearing, have sought recourse in this Court. The regulation requiring a fair hearing if a Medicaid recipient believes that services have been terminated, suspended or reduced is clearly a benefit to Kaven and Ms. Longenecker. The right to a fair hearing is not vague or amorphous. Medicaid hearings are held all the time in Alaska on various issues concerning services. Finally, the provision at 42 C.F.R. 431.220(a)(2) imposes an unambiguous binding obligation on Alaska – that is, when a Medicaid recipient believes that the services are being terminated, suspended or reduced, afford them a fair hearing.

Notably, if a fair hearing is ordered, the Court need not reach the issue at this time of whether Plaintiffs may bring this private right of action without first exhausting the fair hearing process. However, Plaintiff submits that such a right of action does exist for 42 U.S.C. 1396a(a)(23) and the Defendants' Motion to Dismiss does not refute that claim.

## II.   There is a private right of action under 42 U.S.C. 1396a(a)(23) – the Medicaid "Freedom of Choice" provision.

If, a fair hearing is ordered, the Court need not reach the issue of whether Plaintiffs may bring this private right of action without exhausting the hearing process. However, in the unlikely event that the Court denies remand to a fair hearing, then the Court must find that Plaintiffs have a private right of action under 42 U.S.C. 1396(a)(23), the so-called, "Freedom of Choice" provision under the Medicaid system.

Defendants correctly state that in order to find a private right of action under 42 U.S.C. 1396a(a)(23), the court must again apply the three-part analysis set out by the court in *Blessing v. Freestone.* 329 U.S. at 340-341. However, Defendants fail to correctly apply the *Blessing* test analysis to 42 U.S. 1396a(a)(23), the "Freedom of Choice" provision. When applied, it is evident that there is such a right of action. 42 U.S.C. 1396a(a)(23) states that a state plan for Medicaid assistance must:

> Provide that *any individual* eligible for medical assistance (including drugs) may obtain such assistance from any institution, agency, community pharmacy, *or person, qualified* to perform the service or services required (including an organization which provides such services, or arranges for their availability, on a prepayment basis), who undertakes to provide him such services.

(*Emphasis added.*)

The first step in the analysis is, "Congress must have intended that the provision in question benefit the plaintiff." *Blessing*, 329 U.S. at 340. Courts have interpreted this provision to mean that the text of the statutes must be, "phrased in terms of the persons benefited". *Cannon v. University of Chicago*, 441 U.S. 677, 692 (1972), see also *Gonzaga v. Doe*, 536, U.S. 273, 284 (2002). The text of the statute must also focus on individual rights, rather than aggregate practices or policies. *Gonzaga*, 536 U.S. at 287-288. In *Watson v. Weeks*, a Ninth Circuit court held that 42 U.S.C. §1396a(a)(10) created a private right of action. 436 F.3d 1152, 1159 – 1162 (9th Cir. 2006). The private right of action at issue in *Weeks* was the requirements for a state plan for medical assistance, in particular, what minimum services must be provided. *Id.* The court held that the phrase, "all individuals" was sufficient to pass the first provision of the Blessing Test. *Id.* at 1160. Here, the statute in question, 42 U.S.C. 1396a(a)(23), contains the phrase "any individual". This language is undeniably focused on the individuals benefited.

In the *Weeks* decision, the Ninth Circuit joined seven other federal circuits that have held that Medicaid provisions with similar language create a private right of action.[6] In 2006, 6th Circuit found, in *Harris v. Olszewski*, that 42 U.S.C. 1396a(a)(23) creates a private right of action. *Harris v. Olszewski*, 442 F.3d 456, 461 (6th Cir. 2006). The court stated that "the statute uses the kind of 'individually focused terminology that 'unambiguously confer[s]' an 'individual entitlement' under the law. *Harris* 442 F.3d at 461; (citing *Gonzaga v. Doe*, 536 U.S. 273, 283, 122 S. Ct. 2275, 153 L.Ed.2d 309 (2002)). Given that the "any individuals" phrase in this statute is sufficiently individually focused, it meets the first prong of the *Blessing* test.

The second prong of the *Blessing* test requires that, "the right asserted is not so 'vague and amorphous' that its enforcement would strain judicial competence." *Blessing*, 329 U.S. at 340. 42 U.S.C. 1396a(a)(23) clearly states what must be provided, "assistance from any institution, agency, community pharmacy, or person, qualified to perform the service or services required". This language provides concrete and objective standards for enforcement. "Whether a state plan provides an individual with the choice specified in the provision is likely to be readily apparent". *Harris* 442 F.3d at 462. The language in this statute is sufficiently clear in outlining what is required by the state as to meet the requirements outlined by the second prong of the *Blessing* test.

The third and final prong of the *Blessing* test states that, "the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory terms." *Blessing*, 329 U.S. at 340. In *Wilder v. Virginia Hospital Association*, the Supreme Court held that a Medicaid

---

[6] See *Bryson v. Shumway*, 308 F.3d 79,88 (1st Cir. 2002); *Rabin v. Wilson-Coker*, 362 F.3d 190, 201-202 (2d Cir. 2004); *Sabree ex rel. Sabree v. Richman*, 367 F.3d 180 (3d Cir. 2004); *S.D. ex rel. Dixon v. Hood*, 391 F.3d 581 (5th Cir. 2004); *Gean v. Hataway*, 330 F.3d 758, 772-773 (6th Cir. 2003); *Miller v. Whitburn*, 10 F.3d 1315 (7th Cir. 1993); *Pediatric SpecialityCare Inc. v. Ark. Dep't of Human Servs.*, 293 F.3d 472 (8th Cir.).

provision that stated that a state plan "must" couches an asserted right in mandatory, not precatory terms. 496 U.S. 498, 512 (1990). The statute at issue also states that "a State plan for Medicaid assistance *must* provide." (*Emphasis added*). This "must" language is objectively mandatory and so passes the third prong of the test.

Given that 42 U.S.C. 1396a(a)(23) passes all three portions of the *Blessing* test, it is clear that a private right of action exists under the statute absent a showing by the defendants that Congress specifically foreclosed such a remedy. Defendants have made no such showing.

However, Defendants assert that in *Gonzaga v. Doe*, the Supreme Court placed additional limitations on Plaintiff's ability to obtain a private right of action under the statute. *Gonzaga*, 536 U.S. at 283. In *Gonzaga*, the Court stated that the statute must contain specific rights creating language with a focus on an identifiable class. *Id*. at 284. This is not an insurmountable barrier. Post-*Gonzaga*, the Ninth Circuit and five other district courts have found that private rights of action exist in other Medicaid statutes.[7] Plaintiffs assert that any limitations created in *Gonzaga* are met by the clear and specifically defined provisions of 42 U.S.C. 1396a(a)(23).

Defendants state that the *Betit* court held that "there was no private right of action under 42 U.S.C. §1396a(a)(23)."[8] 284 F. Supp. 2d 1298 (D. Utah 2003). Defendants also claim that this decision properly addresses the decision *Gonzaga* and that the court in *Harris v. Olszewski*, failed to properly apply the *Gonzaga* decision. *Harris,* 442 F.3d 456. However, upon reading the *Betit* decision, there is no discussion of the application of the *Gonzaga* limitations other than to state "the freedom of choice provisions do not contain the unambiguous rights creating language required by *Gonzaga.*" *Betit*, 284 F. Supp 2d at 1308. This statement does not amount to a proper

---

[7] See also *Bryson v. Shumway*, 308 F.3d 79,88 (1st Cir. 2002); *Rabin v. Wilson-Coker*, 362 F.3d 190, 201-202 (2d Cir. 2004); *Sabree ex rel. Sabree v. Richman*, 367 F.3d 180 (3d Cir. 2004); *S.D. ex rel. Dixon v. Hood*, 391 F.3d 581 (5th Cir. 2004); *Gean v. Hataway*, 330 F.3d 758, 772-773 (6th Cir. 2003); *Pediatric SpecialityCare Inc. v. Ark. Dep't of Human Servs.*, 293 F.3d 472 (8th Cir.); *Watson v. Weeks*, 436 F.2d 1152 (9th Cir. 2006).
[8] Memorandum in Support of the Defendants' First Motion to Dismiss , pg. 6.

application, rather it is a mere conclusion without any supporting analysis. In *Harris v. Olszewski*, the court declines to follow the holding in *Betit*, stating "because the district court did not explain why the mandatory 'must … provide' language, and the '*individual* entitlement' language of the provision, do not satisfy *Gonzaga's* requirements for a § 1983 action, we do not find the court's reasoning persuasive. *Harris,* 442 F.3d at 463. (Internal citations omitted)(*Emphasis original*). The *Harris* decision discusses and references *Gonzaga* in several instances, giving it a more through analysis and application than does *Betit*.

42 U.S.C. 1396a(a)(23) meets the standards set out in both *Blessing v. Freestone* and *Gonzaga v. Doe*, giving plaintiff a private right of action, so the Court must deny the State's motion to dismiss on this ground.

### III.    Count III of the First Amended Complaint is Appropriate.

Counts I and II of the First Amended Complaint do not fail as a matter of law, therefore, Plaintiff has a right to recovery under 42 U.S.C. § 1983. Defendants inaccurately claim that none of the named defendants are persons under 42 U.S.C. § 1983.[9] However, the court in *Will* v. *Michigan Dept. of State Police*, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) states that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at 71. (*Citing Kentucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985).[10] [11]  Plaintiffs are seeking prospective relief in the form of an administrative hearing, therefore Count III of the First Amended Complaint is appropriate in as

---

[9] Defendant's Memorandum in Support of Motion to Dismiss page 11. *Citing Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989).

[10] *See also Ex parte Young*, 209 U.S. 123, 159-160 (1908).

[11] The Defendants' Memorandum in Support of the First Motion to Dismiss also cites *Vest v. Schafer*, to support their claim that the Defendants are not persons under § 1983. 757 P.2d 588 (Alaska 1988). That case does not address  the right to a hearing, or prospective relief, and was decided before *Will v. Michigan Dept. of State Police* and therefore is of limited value to the issues before the Court.

much as Karleen Jackson, in her official capacity as Commissioner of the Department of Health and Social Services, and Rod Moline in his Official capacity as the Director of the Division of Senior and Disability Services are appropriately named as defendants in regards to Count III.

### IV. Defendants' Motion to Dismiss fails to address Plaintiff's claims in their entirety.

Defendants' motion fails to address Plaintiff's claim of a private right of action under 42 C.F.R. 220(a)(2) and also fails to address Plaintiff's due process claim. Notwithstanding the Court's decision on the issues addressed above, the motion to dismiss must be denied because of the remaining issues Defendants' motion fails to address.

### CONCLUSION

Federal Rule of Civil Procedure 12(b)(6) states that a case can be dismissed for failure to state a claim upon which relief can be granted. Defendant's Motion and Supporting Memo fail to demonstrate that. Plaintiff has a private right of action under 42 C.F.R. 431.220(a)(2) and 42 U.S.C. § 1396a(a)(23). Plaintiff is entitled to a fair hearing under C.F.R. §431.220(a)(2) given the facts presented. There has been a due process violation because Plaintiff has been afforded no fair hearing to contest the effective denial and/or termination of a covered Medicaid service, despite her repeated requests. Finally, because there have been several violations of federal law, there is a right to recovery under 42 U.S.C. § 1983, and as the relief sought is prospective (a fair hearing), the defendants are properly named. Accordingly, Defendants' Motion to Dismiss must be DENIED.

Dated this 1st day of August 2006, at Anchorage, Alaska.

By:    s/Holly Johanknecht  
      Holly Johanknecht  
      Disability Law Center of Alaska  
      3330 Arctic Blvd., Suite 103  
      Anchorage, Alaska 99503  
      Tel: (907) 565-1002

Fax: (907) 565-1000
hollyj@dlcak.org
Alaska Bar No. 0511103

Certificate of Service

I hereby certify that on the 1st day of August, 2006, a copy of this document was served electronically on:

Stacie Kraly
Office of the Attorney General
P.O Box 110300
Juneau, AK 99811
stacie_kraly@law.state.ak.us

    /s Holly J. Johanknecht
Holly J. Johanknecht