IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JILL LONGENECKER, as guardian for Kavan Mangus, a minor child,<br><br>                Plaintiff,<br><br>   vs.<br><br>State of Alaska, Department of Health and Social Services, Karleen Jackson, in her official capacity as Commissioner of the Deparment, Division of Senior and Disabilities Service, and Rod Moline, in his official capacity as Director of the Division,<br><br>                Defendant. | Case No. 3:06-cv-0022 TMB<br><br>ORDER GRANTING MOTION TO DISMISS |

**I.  Motion Presented**

Plaintiff Jill Longenecker, as guardian of her minor child Kavan, alleges a violation of 42 C.F.R. § 431.220(a)(2) and the Medicaid freedom of choice provision under 42 U.S.C. §1396 a (a) (23) on the grounds that the State of Alaska, Department of Health and Human Services ("State") refused to provide Plaintiff with a fair hearing when funding to Kavan's medical services provider was discontinued.  The State moves to dismiss Plaintiff's complaint, arguing that Kavan's medical services provider is not a licensed provider and is not enrolled in the Alaska Medicaid Program. Therefore, it argues, Plaintiff is not entitled to a fair hearing under 42 C.F.R. § 431.220(a)(2). Because the Court agrees with the State that under controlling Supreme Court case law, Plaintiff is

not entitled to a fair hearing, the State's motion to dismiss is hereby **GRANTED**.[1]

## II.  Background

Plaintiff Jill Longenecker is the legal guardian of her minor child, Kavan Mangus, who is autistic.  Kavan is a Medicaid recipient.  Beginning in 2000, the State permitted various providers to arrange for, submit billing to, and pay through Medicaid funding for the services of Dr. John McEachin to assist Kavan in his home.  The behavioral services were described in Kavan's plan of care as "Intensive Active Treatment" ("IAT").  The State approved Medicaid funding for the IAT services of Dr. McEachin for Kavan through February 2005.  But beginning in March 2005, the State no longer permits Medicaid funding for Dr. McEachin's services.

Upon learning of the denial of payment, Plaintiff requested a fair hearing.  The State denied the fair hearing, explaining that under 42 CFR § 431.220 and 7 AAC 49.020, a fair hearing must only be offered when services are denied, reduced, or terminated.  The State explained that the IAT services were approved, but the services had to be provided by a licensed provider who is enrolled in the Alaska Medicaid Program.  Dr. McEachin is neither.  The State also noted that if another provider who meets these criteria is located, the IAT services can be delivered by that person.  In her complaint, Plaintiff explains that she is unaware of any other qualified provider within the State of Alaska who could provide IAT services to Kavan.

---

[1]  The State also argues that there is no private right of action under 42 U.S.C. § 1396a (a)(23) and Plaintiff's complaint should be dismissed on that basis. The Ninth Circuit has not squarely addressed the question whether a private right of action lies under 42 U.S.C. § 1396a (a) (23). Since the Court concludes that, even assuming a private right of action lies, Plaintiff has failed to state a claim for relief, the Court need not definitively resolve the question.

### III. Standard of Review

In considering a motion to dismiss for failure to state a claim under Federal Rule of Procedure 12(b)(6), this Court asks whether, "assuming all facts and inferences in favor of the nonmoving party, it appears beyond doubt that [plaintiff] can prove no set of facts to support [her] claims."[2]

### IV. Discussion

**A.    The State Is Entitled To Dismissal On Plaintiff's Claims That The State's Refusal to Provide a Fair Hearing is a Violation of 42 C.F.R. § 431.220(a)(2).**

Plaintiff requests a fair hearing to contest what she characterizes as the termination, suspension or reduction of behavioral services for Kavan.  42 C.F.R. § 431.220(a)(2) provides that a State agency must grant a hearing to "[a]ny recipient who requests it because he or she believes the agency has taken an action erroneously."  Action is defined in 42 C.F.R. § 431.201 as "a termination, suspension, or reduction of Medicaid eligibility or covered services." And under Alaksa regulation 7 AAC 49.020(3), an opportunity for a hearing must be granted to a client whose receipt of benefits the division intends to modify or terminate or whose request for a covered Medicaid service is denied.

Plaintiff argues that the decision to deny funding to Dr. McEachin is an effective termination of services because there are no alternative providers in Alaska.  This, she argues, entitles her to a hearing.  But under controlling Supreme Court case law, Plaintiff has failed to state a claim for relief.

The Supreme Court's decision in *O'Bannon v. Town Court Nursing Center* is directly on

---

[2]     *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).

point.³  In *O'Bannon*, the Supreme Court considered whether approximately 180 elderly residents of a nursing home had a constitutional right to a hearing before a state or federal agency could decertify the nursing home as a skilled nursing facility, effectively revoking the home's authority to provide them with nursing care funded by Medicaid.⁴  Under these analogous facts, the Court concluded that 42 U.S.C. § 1396a(a)(23):

> gives recipients the right to choose among a range of *qualified* providers, without government interference.  By implication, it also confers an absolute right to be free from government interference with the choice to remain in a home that continues to be qualified.  But it clearly does not confer a right on a recipient to enter an unqualified home and demand a hearing to certify it, nor does it confer a right on a recipient to continue to receive benefits for care in a home that has been decertified....[S]ince decertification does not reduce or terminate a patient's financial assistance, but merely requires him to use it for care at a different facility, regulations granting recipients the right to a hearing prior to a reduction in financial benefits are irrelevant.⁵

The Supreme Court's reasoning dictates the same result in this case.  Here, the State did not terminate, suspend or reduce Plaintiff's benefits.  Instead, it determined that it would not fund services provided by a doctor who is not a licensed provider and who is not enrolled in the Alaska Medicaid Program.  Since the funding is still available for Plaintiff to find a provider who meets the requisite criteria, "regulations granting recipients the right to a hearing prior to a [termination, suspension or] reduction in financial benefits are irrelevant."⁶  While it is unfortunate that in Alaska there is a dearth of qualified providers to offer the services that children such as Kavan need, the

---

³ 447 U.S. 773 (1980).

⁴ *Id.* at 775-776.

⁵ *Id.* at 785-786 (emphasis in original).

⁶ *Id.*

law does not support a right to a fair hearing when funding to an unqualified provider is denied.[7]

Plaintiff also argues that she is entitled to a hearing because she has a subjective belief that the agency took an action erroneously. Since 42 C.F.R. § 431.220(a)(2) provides that a State agency must grant a hearing to "[a]ny recipient who requests it because he or she believes the agency has taken an action erroneously," she claims that this belief entitles her to relief. But the term action is a defined term, meaning "a termination, suspension, or reduction of Medicaid eligibility or covered services."[8] Because the State has taken no action under the statute, Plaintiff is not entitled to a hearing regardless of whether she believes that the decision made by the State was erroneous.

### B.     Plaintiff Does Not State A Claim For Deprivation of Due Process.

Plaintiff argues that she has a property interest in the Medicaid benefits granted to Kavan, and that the State's failure to provide her with a fair hearing when funding for Dr. McEachin's services was denied deprives her and her son of this property interest because there are no other qualified providers of the services. But this Court agrees with the Second Circuit decision in *Kelly Kare, Ltd. v. O'Rourke* that under *O'Bannon*, "[n]o cognizable property interest can arise in the Medicaid recipient unless the provider is both qualified and participating in the Medicaid program."[9] The State's motion to dismiss on Plaintiff's due process claim is therefore granted.

---

[7]     The Supreme Court also considered the hardship to the elderly residents in *O'Bannon*, but concluded that "the fact that the decertification of a home may lead to severe hardship for some of its elderly residents does not turn the decertification into a governmental decision to impose that harm." *Id.* at 789. While the Court is sympathetic to the Plaintiff's hardship, the law is clear.

[8]     42 C.F.R. § 431.201.

[9]     930 F.2d 170, 178 (2d Cir. 1991).

**C.    Plaintiff Is Not Entitled To Damages Under 42 U.S.C. § 1983.**

Under 42 U.S.C. § 1983, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  Since the Court has determined that Plaintiff has not stated a claim for deprivation of any rights, privileges or immunities secured by the law, Plaintiff's claim for damages under 42 U.S.C. § 1983 must also be dismissed.

### V. Conclusion

For the foregoing reasons, the State's motion to dismiss at Docket No. 13 is hereby **GRANTED.**

Dated at Anchorage, Alaska, this 14th day of March, 2007.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE